IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RITA ELMIRA BLAND, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-00374-KD-N |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION

The Plaintiff, Rita Elmira Bland ("Bland"), initiated this action by filing a complaint (Doc. 1) seeking judicial review of a final decision of the Commissioner of Social Security under 24 U.S.C. § 405(g), along with a motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"), under 28 U.S.C. § 1915 (Doc. 2). Under SD ALA Local Rule 72.2(c)(3), this action was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72.

Finding that Bland's motion to proceed without prepayment of fees (Doc. 2) lacked sufficient information regarding her financial situation, the undersigned denied the IFP motion without prejudice by Order dated and entered August 12, 2014 (Doc. 4). In that same Order, Bland was "**DIRECTED** to re-file an IFP motion" providing additional information regarding her financial picture "*or* pay the requisite fees and costs" no later than September 2, 2014. (Doc. 4 at 4-5). Bland was expressly cautioned that "[t]he failure to do either within the prescribed time

1

will result in entry…of a report and recommendation that this action be dismissed for failure to prosecute and obey the Court's orders." (*Id.* at 5).[1]

When Bland failed to comply with the undersigned's August 12, 2014 Order, the undersigned entered a second Order on September 16, 2014 (Doc. 5), giving Bland one more opportunity – this time, no later than September 30, 2014 – to either file a new IFP motion as directed or pay the requisite filing fee. As of this date, Bland has again failed to do either.[2]

Title 28 U.S.C. § 1914(a) provides: "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350…" However, the timely payment of a filing fee under § 1914 is <u>not</u> a jurisdictional prerequisite. *See Rodgers on behalf of Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986) (citing *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978), *overruled on other grounds*, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984)); *Casanova v. Dubois*, 304 F.3d 75, 80 & n.7 (1st

---

[1] *See Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011) (per curiam) (holding that "the district court did not abuse its discretion in dismissing [the plaintiff's] complaint without prejudice" due to "the failure to pay filing fees or move to proceed IFP"); *Wilson v. Sargent*, 313 F.3d 1315, 1331–32 & n.7 (11th Cir. 2002) (per curiam) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *Scott v. Colvin*, Civil Action No. 13–0106–CG–C, 2013 WL 2452313 (S.D. Ala. June 5, 2013) (in which Judge Granade adopted Magistrate Judge Cassady's recommendation that a Social Security appeal be dismissed, pursuant to Fed. R. Civ. P. 41(b), because the plaintiff failed to file an amended motion to proceed without prepayment of costs and fees or, otherwise, pay the Court's filing fees).

[2] In lieu of a new IFP motion or paying the filing fee, Bland was permitted to file a brief explaining why this action should not be dismissed for failure to do either. (*See* Doc. 5 at 5 n.5). Bland has not done so.

Cir. 2002) ("The advance payment of a filing fee is generally not a jurisdictional prerequisite to a lawsuit." (citing *Wrenn*, 575 F.2d at 547)). "Rather, the fee requirement derives from two sources: federal statutes and the local rules. Section (a) of 28 U.S.C. § 1914 provides that district courts shall require a filing fee, and section (c) states that '[e]ach district court by rule or standing order may require advance payment of fees.' " *Casanova*, 304 F.3d at 80. This Court has no standing order or local rule requiring the advance payment of fees. However, the Court has given Bland two express deadlines to either pay the filing fee or file a new IFP motion providing requested additional information. (*See* Docs. 4, 5).

There are two possible sources of authority for a district court to dismiss an action for a plaintiff's failure to prosecute or to obey the Court's orders: Federal Rule of Civil Procedure 41(b), or the Court's inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). *Accord Fequiere v. Ala. State Univ.*, 558 F. App'x 881, 882 (11th Cir. 2014) (per curiam); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (per curiam); *Brown v. Tallahasse Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The district court's 'power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.' *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983) (citation omitted). The Court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order. Fed. R. Civ. P. 41(b); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)."). "Rule 41(b) provides: 'For failure of the plaintiff to prosecute

or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.'" *Betty K Agencies*, 432 F.3d at 1337. "The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs ....'" *Id.* (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1962)).[3]

The undersigned notes that a claimant must commence a civil action seeking review of a final decision of the Commissioner of Social Security "within sixty days after the mailing to her of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).[4] The United States Supreme Court has concluded that the 60–day requirement set out in § 405(g) is not jurisdictional, but rather is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling. *Bowen v. City of New York,* 476 U.S. 467, 478-80 (1986).

Bland's complaint alleges that "[t]his action is commenced within the

---

[3] "Although the plain language of Rule 41(b) suggests that a court may act pursuant to that Rule only when dismissing upon the motion of the defendant, and acts only on its inherent authority when dismissing *sua sponte,*" many Eleventh Circuit and former-Fifth Circuit decisions have "elide[d] this neat distinction" and permitted *sua sponte* dismissal under Rule 41(b). *Betty K Agencies*, 432 F.3d at 1337 (citing cases).

[4] An additional five-day period is provided for mail service. *See* 20 C.F.R. § 422.210(c) (2011) ("[T]he date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.").

4

appropriate time period set forth in the Notice of Appeals Council Action on Request for Review dated June 21, 2014." (Doc. 1, ¶ 3). Therefore, the effect of dismissing this action without prejudice may subject any subsequent complaint filed by Bland to a statute of limitations defense. "Where dismissal [under Rule 41(b) ]is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice." *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) (citing *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972)).[5] *See also Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011) ("Dismissal of a lawsuit with prejudice under Rule 41(b) is a severe sanction that should only be used in extreme circumstances where lesser sanctions would not serve the best interests of justice. We will apply a less stringent standard, however, when the district court dismisses a lawsuit without prejudice *and the statute of limitations does not prevent the plaintiff from refiling the lawsuit.*" (citing *Boazman*, 537 F.2d at 212-13) (internal citation omitted) (emphasis added)).

"[A] dismissal *with prejudice,* whether on motion or *sua sponte,* is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions issued by the Fifth Circuit before October 1, 1981.

where a party, as distinct from counsel, is culpable." *Betty K Agencies*, 432 F.3d at 1337-38 (citations and quotation omitted).

The Eleventh Circuit has recognized that "a poor person who is not quite poor enough to proceed in forma pauperis may not be able to raise the filing fee immediately after an application to proceed in forma pauperis is denied." *Rodgers*, 790 F.2d at 1553. Accordingly, "[s]ome delay in such a case is understandable and precipitous dismissal under Fed. R. Civ. P. 41(b) could deny that poor person access to the courts." *Id.* However, in the present action, Bland has not been conclusively denied IFP status; rather, she has been given the option to supplement her IFP motion with specific information, in lieu of paying her filing fee up front. (*See* Docs. 4, 5). Bland has allowed two court-imposed deadlines to lapse without paying her filing fee or supplementing her IFP motion, she has given no indication that she intends to do so, and approximately two months have now passed since she filed her Complaint. Moreover, in its last Order, the undersigned expressly warned Bland that her failure to meet the second deadline "will be construed as 'a clear pattern of delay' and will result in entry of a report and recommendation that this action be dismissed without prejudice for failure to prosecute and obey the Court's orders, as no lesser sanction will suffice." (Doc. 5 at 5). *But see Rodgers*, 790 F.2d at 1553 ("The Secretary []contends that Rodgers' payment of her filing fee was untimely and constituted delay. We disagree. We can find no time limitation placed on Rodgers for paying her filing fee. Such a limitation could have been placed on her by the district court pursuant to local rule 4.07 of the United States District Court for the Middle

6

District of Florida. This was not done. We do not feel that the interval of slightly over one month between the denial of Rodgers' application to proceed in forma pauperis and the payment of her filing fee constituted delay or contumacious conduct…In the absence of prior resort to less severe sanctions which were available, we conclude that the district court abused its discretion in dismissing Rodgers' action." (reversing Rule 41(b) dismissal of social security appeal under 42 U.S.C. § 405(g) for failure to prosecute)).

As such, in failing to comply with the Court's previous Orders (Docs. 4, 5), or to give any indication that she intends to do so, the undersigned finds that Bland has engaged in a clear pattern of delay and that no lesser sanction than dismissal without prejudice will suffice. Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** *sua sponte* for failure to prosecute and to obey the Court's Orders under both Federal Rule of Civil Procedure 41(b) and the Court's inherent power to manage its docket.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

Judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 10th day of October 2014.

                                           */s/ Katherine P. Nelson*
                                           **KATHERINE P. NELSON**
                                           **UNITED STATES MAGISTRATE JUDGE**